UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GALAXY CABLE, INC.,

        Plaintiff,

v.                                                                           Case No.  5:05-cv-303-Oc-10GRJ

CABLEVISION OF MARION COUNTY, LLC,

        Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion To Dismiss. (Doc. 5.)  Plaintiff has filed a response in opposition (Docs. 9 & 10) to which Defendant filed a reply.  (Doc. 12.)  For the reasons discussed below, Defendant's Motion To Dismiss (Doc. 5) is **GRANTED** to the extent that Count III is dismissed with leave to amend and otherwise Defendant's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

This action arises out of an asset purchase agreement in which Defendant, Cablevision of Marion County, LLC ("Cablevision") purchased various cable television contracts and systems from Plaintiff, Galaxy Cable, Inc. ("Galaxy"), including a cable contract for the Bahia Oaks and Oak Creek properties ( the "Bahia Oaks contract.")[1] Galaxy alleges that Cablevision willfully and materially breached the asset purchase agreement by refusing to execute the necessary paperwork to conclude the assignment

---

[1] Doc. 1, ¶1.

of the Bahia Oaks contract to Cablevision.[2]  Galaxy further alleges that it was fraudulently induced to enter into the agreement by Cablevision's false representations and statements that it intended to execute the assignment of the Bahia Oaks contract.

## II. STANDARD OF REVIEW

In determining the propriety of granting a motion to dismiss, a court must accept all the factual allegations in the complaint as true and evaluate the inferences derived from the facts in the light most favorable to the plaintiff.[3]  In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[4]  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.[6]

## III. DISCUSSION

Defendant raises four arguments in support of its request to dismiss Plaintiff's Complaint.  First, Defendant argues that the Complaint should be dismissed because it

---

[2] Id.

[3] See e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[4] Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[5] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957).  See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)("a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim").

[6] See Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985)(citation omitted).

is a shotgun pleading.[7]  However, the Complaint is not a shotgun pleading as contemplated by the Eleventh Circuit.[8]  Plaintiff has alleged three alternative counts based on the same set of facts.  Accordingly, it was appropriate for Plaintiff to incorporate by reference (as opposed to repeating) the allegations material to all three counts.

Second, Defendant argues that the Complaint should be dismissed because Plaintiff failed to join an indispensable party -- i.e., the owner of Bahia Oaks and Oak Creek subdivisions, Dirk Leeward.  This argument is now moot because Mr. Leeward has filed suit against Galaxy in this Court and that action has been consolidated with the instant action for all pretrial proceedings.[9]

Third, Defendant argues that the Complaint should be dismissed because Cablevision gave no consideration for the Bahia Oaks and Oak Creek subscribers.  In the Complaint, Plaintiff alleges that there was "good and valuable consideration" and that the Agreement contained "mutual promises and consideration."[10]  While Defendant ultimately may be able to prove that the contract was not supported by consideration, this should be determined after the parties have developed the evidence in the case.

Finally, Defendant argues that Count III of the Complaint should be dismissed because Plaintiff failed to allege fraudulent inducement with particularity as required by

---

[7] Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll. 77 F.3d 364, 366 (11th Cir. 1996.)

[8] See e.g., Magluta v. Samples, 256 F.3d 1282, 1284(11th Cir. 2001.)

[9] See Docs. 1 & 5, Case No. 5:06-cv-51-Oc-10GRJ.

[10] Doc. 1, ¶¶14 and 17.

Rule 9(b), Federal Rules of Civil Procedure.[11]  While Rule 9(b) is intended to alert defendants to the "precise misconduct with which they are charged" and protect them "against spurious charges of immoral and fraudulent behavior" it "must not abrogate the concept of notice pleading."[12]  Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making the statement; (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.[13]

Here, Count III of Plaintiff's Complaint fails to meet this standard.  Plaintiff alleges that Defendant made representations and statements on multiple occasions regarding its intention to execute the assignment of the cable contracts.[14]  However, Plaintiff fails to allege precisely what statements were made in what documents or oral representations, the time and place of each such statement and the person responsible for making the statement, and the content of such statements.  Plaintiff further alleges that it subsequently learned that such representations and statements were false and that Defendant "disclosed its true intention" with respect to the assignment of the Bahia

---

[11] Rule 9(b) provides "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[12] Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citations omitted).

[13] Id. (*quoting* Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997.)

[14] Doc. 1, ¶¶27, 29.

Oaks contract "shortly after the parties entered into the Agreement."[15]  However, Plaintiff does not allege any specific details regarding these allegations.  Accordingly, Count III of the Complaint is due to be **DISMISSED** with leave to amend.

## IV. CONCLUSION

Defendant's Motion To Dismiss (Doc. 5) is **GRANTED** to the extent that Count III of Plaintiff's Complaint (Doc. 1) is **DISMISSED with leave to amend** and Defendant's Motion To Dismiss is otherwise **DENIED**.  Plaintiff shall file an Amended Complaint as to Count III within **ten (10) days of this Order** and Defendant shall file its responsive pleading **ten (10) days** thereafter.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on February 27, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[15] Id., ¶¶ 32, 37.