UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GALAXY CABLE, INC.,

          Plaintiff,

v.                                           Case No.  5:05-cv-303-Oc-10GRJ

CABLEVISION OF MARION COUNTY, LLC,

          Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion To Dismiss, Or In The Alternative, Motion For More Definite Statement (Doc. 46) and supporting memorandum. (Doc. 47.) Defendant filed a response in opposition. (Doc. 56.) For the following reasons, Plaintiff's motion is due to be **GRANTED**.

### I. BACKGROUND

This action arises out of an asset purchase agreement in which Defendant, Cablevision of Marion County, LLC ("Cablevision") purchased various cable television contracts and systems from Plaintiff, Galaxy Cable, Inc. ("Galaxy").[1] Galaxy alleges that Cablevision willfully and materially breached the asset purchase agreement by refusing to execute the necessary paperwork to conclude the assignment of one of the cable contracts to Cablevision -- i.e., the cable contract for the Bahia Oaks and Oak Creek properties ( the "Bahia Oaks contract").[2] Galaxy further alleges that it was fraudulently induced to enter into the asset purchase agreement by Cablevision's false

---

[1] See Doc. 31 (Amended Complaint), ¶1.

[2] Id., ¶¶ 13-25.

representations and statements that it intended to execute the assignment of the Bahia Oaks contract.[3]

Cablevision answered the Amended Complaint and asserted a Counterclaim against Galaxy. (Doc. 33.)   In its Counterclaim, Cablevision alleges various negligent or intentional acts by Galaxy, and its predecessor, Galaxy Telecom, L.P., most of which allegedly occurred during the negotiation of the asset purchase agreement at issue here.  Cablevision argues that based on these acts, it would be inequitable for Cablevision to suffer a loss if it is required to perform under the Bahia Oaks contract.  Cablevision requests (1) money damages in the amount of the loss it will suffer if it is required to perform under the Bahia Oaks contract until 2020 including the cost to bring the system to "state-of-the-art" condition as required by paragraph 2 of the Bahia Oaks contract; (2) attorney's fees and costs as provided in paragraph 12k of the asset purchase agreement; and (3) any other relief the Court deems appropriate.  Galaxy filed the instant motion to dismiss, or in the alternative, motion for more definite statement.

## II. STANDARD OF REVIEW

In determining the propriety of granting a motion to dismiss, a court must accept all the factual allegations in the complaint as true and evaluate the inferences derived from the facts in the light most favorable to the plaintiff.[4]  In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis

---

[3] See id., ¶¶ 27-40.

[4] See e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

of barebones pleadings is a precarious disposition with a high mortality rate."[5] A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.[7]

### III. DISCUSSION

While not specifically identifying its legal theory, Cablevision appears to be asserting a claim for either fraudulent inducement or negligent misrepresentation, both of which are torts independent of the asset purchase agreement. Nevertheless, Cablevision seeks damages that it will allegedly suffer as a result of performing the Bahia Oaks contract.

Florida law requires plaintiffs to make an election of remedies in fraudulent inducement cases -- rescission, in which a voidable contract is repudiated, or damages, in which the contract is affirmed.[8] "The two remedies . . . [are] mutually exclusive. A claim for rescission is predicated on disavowal of the contract. A claim for damages is based upon its affirmance."[9] This principle "ensures that a party who 'accepts the

---

[5] Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[6] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957). *See also* Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)("a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim").

[7] Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985)(citation omitted).

[8] Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1278-79 (11th Cir. 2004).

[9] Id. (*quoting* Deemer v. Hallett Pontiac, Inc., 288 So.2d 526, 527-28 (Fla. Dist. Ct. App. 1974).

proceeds and benefits of a contract' remains subject to 'the burdens the contract places upon him.'"[10]

Here, Cablevision is effectively alleging that it should not be forced to bear the financial burden of the Bahia Oaks contract because it entered into the asset purchase agreement as a result of Galaxy's inequitable conduct.  In order to proceed with its claim, Cablevision must either repudiate the asset purchase agreement and seek rescission of the agreement or affirm the asset purchase agreement and seek damages.  It cannot have it both ways.  Because Cablevision improperly has combined claims for torts independent of the asset purchase agreement, with damages available only under the asset purchase agreement, Galaxy's Motion To Dismiss, Or In The Alternative, Motion For More Definite Statement is due to be **GRANTED**.  Accordingly, Cablevision's Counterclaim (Doc. 33) is **DISMISSED** without prejudice.  If Cablevision chooses to file an Amended Counterclaim it shall do so within **twenty (20) days** of this Order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on May 30, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[10] Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 313 (Fla. 2000)(*quoting* Fineberg v. Kline, 542 So.2d 1002, 1004 (Fla. Dist. Ct. App. 1988).