UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GALAXY CABLE, INC.,

          Plaintiff,

v.                                          Case No.  5:05-cv-303-Oc-GRJ

CABLEVISION OF MARION COUNTY, LLC,

          Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Dismiss Cablevision's Amended Counterclaim. (Doc. 75.)   Defendant filed a response in opposition.  (Doc. 78.)  For the following reasons, Plaintiff's motion is due to be **GRANTED**.

## I. BACKGROUND

This action arises out of an asset purchase agreement (the "APA") in which Defendant, Cablevision of Marion County, LLC ("Cablevision") purchased various cable television contracts and systems from Plaintiff, Galaxy Cable, Inc. ("Galaxy").[1]  Galaxy alleges that Cablevision willfully and materially breached the APA by refusing to execute the necessary paperwork to conclude the assignment of one of the cable contracts to Cablevision -- i.e., the cable contract for the Bahia Oaks and Oak Creek properties ( the "Bahia Oaks contract").[2]

Cablevision answered the Amended Complaint and asserted a Counterclaim against Galaxy. (Doc. 33.)   In its Counterclaim, Cablevision alleged various negligent or

---

[1] See Doc. 31 (Amended Complaint), ¶1.

[2] Id., ¶¶ 13-25.

intentional acts by Galaxy, and its predecessor, Galaxy Telecom, L.P., most of which allegedly occurred during the negotiation of the APA at issue. Galaxy filed a motion to dismiss, or in the alternative, motion for more definite statement.

On May 30, 2006, the Court entered an Order granting Plaintiff's Motion to Dismiss Cablevision's Counterclaim on the grounds that Cablevision improperly combined claims for torts independent of the APA, with damages available only under the APA. (Doc. 68.)   Further, the Court found that in order to proceed with its claim for fraudulent inducement, Cablevision must either repudiate the APA and seek rescission of the agreement *in toto*, or affirm the APA and seek damages.

Cablevision has now filed a two count Amended Counterclaim. In Count I of the Amended Counterclaim, Cablevision seeks rescission of a portion of the APA which applies to Bahia Oaks but not rescission of the entire APA. In Count II of the Amended Counterclaim Cablevision brings a claim for breach of contract alleging alternatively that if it is contractually bound to Leeward to perform the Bahia Oaks portion of the APA, Galaxy breached paragraph 6 of the APA by not "performing its obligations under all of the Contracts without default ... " on the date of the execution of the APA. According to Cablevision, Galaxy failed to pay Leeward as required by the terms of Galaxy's contract with Leeward and by failed to provide state of the art equipment and services to Bahia Oaks. Cablevision requests damages for the breach of the APA consisting of any monies it may ultimately have to pay Leeward and the costs it may have to incur in bringing the Bahia Oaks cable system up to state of the art.

## II. **STANDARD OF REVIEW**

In determining the propriety of granting a motion to dismiss, a court must accept all the factual allegations in the complaint as true and evaluate the inferences derived from the facts in the light most favorable to the plaintiff.[3] In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[4] A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5] The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.[6]

## III. **DISCUSSION**

Galaxy advances three arguments in support of its motion to dismiss the Amended Counterclaim. First, Galaxy argues that Cablevision has failed to make an election of remedies because Cablevision requests rescission in Count I but inconsistently requests damages for breach of the contract in Count II. Secondly, Galaxy argues that Count I of the Amended Counterclaim should be dismissed because Florida law does not permit a party to rescind only part of a contract but rather only the

---

[3] See e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[4] Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[5] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957). See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)("a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim").

[6] See Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985)(citation omitted).

entire contract in *toto*. Lastly, Galaxy argues that Cablevision's claim for damages in Count II of the Amended Counterclaim must be dismissed because Cablevision cannot seek damages for contingent losses it has not yet suffered. The Court will briefly address each of these arguments.

## A.  Claim For Rescission

While a party is permitted under Rule 8(e) of the Federal Rules of Civil Procedure to plead in the alternative, Cablevision's claim for rescission in Count I of the Counterclaim is, nonetheless, due to be dismissed  because it is a request for partial rescission of the contract, a remedy that is not generally cognizable under Florida law except in the unusual circumstances where a contract is clearly divisible.

Relying solely upon *McDonald v. Sanders*[7] Defendant asserts that partial rescission of a contract is available in Florida when a contract is divisible. *McDonald* is not particularly instructive with regard to the issue of whether or when only a part of a contract may be rescinded.  Rather, the Court in *McDonald* in *obiter dicta* simply recited the general rule that  "[t]he right to rescind must be exercised in toto, unless the contract is a divisible one. "[8] This rule  - that partial rescission is only available in the limited circumstances involving a divisible contract - is recognized in most jurisdictions[9] and is discussed in the *Restatement (Second) of Contracts § 240*, which provides that a

---

[7] 137 So. 122 (Fla. 1931).

[8] *Id.* at 126.

[9] *See, e.g.* Barrington Management Co., Inc. V. Paul E. Draper Family, Ltd., 695 N.E. 2d 135 (Ind. Ct. App. 1998)("He may not affirm that part of the contract which pleases him and rescind that part which he considers disadvantageous."); Menorah Chapels At Millburn v. Needle, 899 A.2d 316, 322 (N.J. Ct. App. 2006)("A party may not repudiate one part of a nondivisible contract and claim the benefit of the residue, because to do so 'would amount to unjust enrichment and would bind the parties to a contract which they did not contemplate.'").

contract can be divided only where there are corresponding pairs of part performance by one contracting party and payment by the other. Here, Cablevision's only argument that the APA is divisible is that it consists of "different cable contracts." Cablevision does not make any argument that the Bahia Oaks portion of the APA is divisible from the APA in its entirety.

A simple review of the APA in this case readily confirms that it is not divisible and thus the exceptional remedy of partial rescission is simply not available as a matter of law. In reaching this conclusion the Court is required to look at the intent of the parties, which may be determined "by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference."[10]  "[A] contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement."[11]  In determining whether the "entire fulfillment of the contract is contemplated" the Court can look to the consideration between the parties.[12]

In the instant case, a review of the APA confirms that the purchase price was clearly intended as consideration for the purchase of all of the cable systems specified in the APA and that the APA was not intended to be simply a master agreement collecting a host of separate and distinct contracts.  To be sure, Schedule 3.E to the APA expressly allocates the purchase price among the separate components of "cable

---

[10] Frankenmuth Mutual Insurance, 289 F.3d 723, 728 (11th Cir. 2002)(citation omitted).  See also Ireland v. Craggs, 56 F.2d 785 (5th Cir. 1932) ("contracts are divisible or indivisible, joint or several, according to the intention of the parties derived from the nature of the subject and the language used").

[11] Wilderness Country Club Partnership, Ltd. v. Groves, 458 So. 2d 769, 771 (Fla. Dist. Ct. App. 1984).

[12]  See Local No. 234 v. Henley & Beckwith, 66 So.2d 818, 822 (Fla. 1953) (holding that a contract was indivisible where it appeared the contract was a set of promises on one side exchanged for a set of promises on the other, and the consideration was the main inducement for the entire agreement).

plant," "goodwill," and "non-compete" with the lion's share of the purchase price allocated to the cable plant. There is no allocation that is separate or distinct for each cable contract and certainly no separate allocation for Bahia Oaks. Bahia Oaks is, of course, specifically listed as one of the many cable systems that were to be purchased as part of the APA. Accordingly, there is simply nothing in the APA to suggest that the parties intended for the Bahia Oaks contract to be divisible from the other contracts included in the single purchase price.

For this reason the APA cannot be considered a divisible contract as a matter of law. Because the APA is indivisible Florida law - as well as prevailing and generally recognized contract law - does not permit a party to a contract to rescind only the portion of the contract that the party views as disadvantageous while at the same time affirm the other portion of the contract that the party perceives as beneficial. As previously discussed in the Court's order granting Galaxy's motion to dismiss the prior counterclaim, Cablevision must either repudiate the asset purchase agreement and seek rescission of the agreement or affirm the asset purchase agreement and seek damages.  It cannot have it both ways.

Accordingly, Galaxy's motion to dismiss Count I of the Amended Counterclaim is due to be **GRANTED**.

### *B.  Claim For Damages*

Galaxy also requests the Court to dismiss Count II of the Amended Counterclaim on the grounds that Cablevision's request for damages is not ripe for consideration and can never ripen into a valid claim for damages.

Although Count II of the Amended Counterclaim is not a model of clarity, Cablevision argues that it has stated a claim for simple breach of the APA by Galaxy. Pointing to the provisions of paragraph 6 of the APA Cablevision alleges that "Galaxy was required to perform its obligations under all of the Contracts without default ... " Cablevision alleges that Galaxy breached this provision of the APA by failing to pay Leeward in accordance with the terms of Galaxy's contract with Leeward and by failing to provide "state of the art" equipment and service to Bahia Oaks as required under the terms of its contract with Leeward. Cablevision requests recovery of the costs it will incur to bring the system up to state of the art and any monies that it may have to pay Leeward that were not previously paid to Leeward by Galaxy. Although Cablevision has not yet incurred these costs because it contends it is not bound to assume the Bahia Oaks contract with Leeward, it is nonetheless entitled to request these damages in the event Galaxy prevails on its claims in its complaint. If Cablevision can prove that Galaxy breached paragraph 6 of the APA by failing to pay Leeward and by failing to keep the system up to the state of the art, Cablevision could be awarded damages if it was able to offer appropriate proof of the costs it will incur. Whether it can do so or whether any of these allegations would support Cablevision's theory that Galaxy's prior conduct with Leeward is a default of the contract as contemplated in paragraph 6 of the APA remains to be seen.

However, on a motion to dismiss the Court must determine simply whether there are any set of facts if proved that would entitle Cablevision to relief. While Cablevision's fraudulent inducement claims are defective, it cannot be said that Cablevision's claim

for breach of contract fails to raise a claim. Accordingly, for this reason, Galaxy's motion to dismiss Count II of the Amended Counterclaim is due to be denied.

Because the Court has dismissed Cablevision's claims in Count I of the Amended Counterclaim - and Cablevision has re-alleged paragraphs 59 through 66 and paragraph 71 of Count I of the Amended Counterclaim into Count II - the Court determines that the Amended Counterclaim should be dismissed so that Cablevision may properly re-allege its claim for breach of contract in a further amended pleading without the confusion of incorporating prior allegations from a dismissed count. Such a procedure also will better enable Galaxy to frame an appropriate response to Cablevision's claim for breach of contract.  If Cablevision intends to proceed with its counterclaim for breach of contract it shall file its amended counterclaim within **ten (10) days** of the date of this Order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on August 8, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel