UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DIRK LEEWARD,

             Plaintiff,

GALAXY CABLE, INC.,

             Defendant/Plaintiff,

v.                                         Case No.  5:05-cv-303-Oc-10GRJ

CABLEVISION OF MARION COUNTY, LLC,

             Defendant.

_____/

## ORDER

Pending before the Court are Plaintiff Galaxy's Motion for Partial Summary Judgment on Cablevision's Defenses Based on "Lack of Written Consent" (Doc. 93) and Galaxy's Statement of Uncontroverted Material Facts and Memorandum in Support of its Motion for Partial Summary Judgment on Cablevision's "Lack of Written Consent" Affirmative Defenses. (Doc. 94.)  Cablevision has filed a response in opposition (Doc. 114) and the issue is therefore ripe for review. For the reasons discussed below, Galaxy's Motion for Partial Summary Judgment on Cablevision's Defenses Based on "Lack of Written Consent" (Doc. 93) is due to be **DENIED**.

## I. BACKGROUND AND FACTS

This action arises out of an asset purchase agreement (the "APA") in which Defendant, Cablevision of Marion County, LLC ("Cablevision") purchased various cable television contracts and systems from Plaintiff, Galaxy Cable, Inc. ("Galaxy").

Recently, the Court entered an Order granting Galaxy's Motion For Partial Summary Judgment and denying Cablevision's Motion For Partial Summary Judgment with regard to the issue of which party is responsible under the APA for the cost of bringing the Bahia Oaks cable system up to "state of the art." (Doc. 146). The facts and background described in that Order are incorporated by reference into this Order and will not be repeated.

This Order addresses the issue of whether Galaxy is entitled to summary final judgment with regard to Cablevision's defenses that it was not obligated to assume the Bahia Oaks Contract because of the failure of Galaxy to obtain a written consent from Dirk Leeward consenting to the transfer of the Bahia Oaks Contract. The relevant facts limited to this issue are detailed below.

From approximately January 2005 until April 29, 2005 Galaxy was involved in negotiations with Cablevision for the sale and purchase of Galaxy's cable assets operating off its two "head-ins," located in South Marion County, which includes the cable system contract for Bahia Oaks.[1] On April 29, 2005, the parties concluded their negotiations and executed the APA, which included in the list of assets sold the Bahia Oaks Contract.[2] Some of the service contracts that were subject to the APA required the written consent of the property owner to assign the cable service contracts to a different

---

[1] Doc. 94, Ex. 1., Depo. Larry Eby.

[2] *Id.* Ex. 2.

cable operation. The Bahia Oaks Contract was one of the service contracts that required the owner to consent to the transfer.[3]

In this regard the contract between the parties contains several relevant sections that address the requirements and obligations of the parties with regard to obtaining written consents for the transfer and assumption of the cable service contracts. and the obligations of the parties to obtain the consents, include. As a general matter the Seller, Galaxy, is required to obtain written consents from the owners, like Leeward, for the transfer of the cable systems to Cablevision.[4] In this regard, section 6a. of the APA provides in relevant part that "The Seller shall use commercially reasonable efforts to obtain as promptly as possible all Consents." The obligation to provide consents is further detailed in section 6 and provides that "The Buyer shall fully cooperate with the Seller, do all things reasonably necessary to assist the Seller, and use its commercially reasonable efforts at its expense to assist the Seller in obtaining all Consents necessary for the transfer ... of the .. Assumed Contracts ..." This section concludes with language that obligates the Seller after closing  to "[c]ontinue to use its commercially reasonable efforts to obtain in writing ... any Consent required to be obtained that was not obtained on or before Closing."

The APA also provides in section 7a(4), that Cablevision "shall have received evidence that all Consents have been obtained in a form satisfactory to Buyer in Buyer's

---

[3] *Id.* Ex. 3, ¶16.

[4] *Id.*, Ex. 2, ¶6.d.

reasonable discretion..." but goes on to qualify this condition with the limitation that "material changes to the Contracts shall not be a requirement of Closing."

Lastly, the APA includes a section that obligated each party to use commercially reasonable efforts and to cooperate with each other to consummate the transaction. Section 6f. provides that "[T]he Buyer and the Seller shall each use commercially reasonable efforts to take all steps necessary, and will cooperate with the other party, to consummate the transactions ... and to execute and deliver necessary instruments and take other commercially reasonable actions as may be necessary ... to consummate the contemplated transactions ... "

Galaxy contends that Leeward was prepared to execute a written consent assigning the Bahia Oaks Contract.[5] As evidence of this, Galaxy points to the fact that three days before closing Leeward had his attorney prepare a written Consent To Assignment And Assumption Agreement," dated April 26, 2005 ("April 26 Consent") for his signature.[6] The April 26 Consent required, *inter alia*, Cablevision to acknowledge its obligations under the Bahia Oaks Contract and to acknowledge that the cable system was inadequate and would have to be brought up to "state of the art." As additional evidence that Galaxy had done its part to obtain the necessary consent, Galaxy points to other testimony in the case from Leeward that Leeward was ready to sign a written

---

[5] *Id.*, Ex. 4, Depo of Dirk Leeward.

[6] *Id.*, Ex. 6.

4

consent to the assignment of the Bahia Oaks Contract to Cablevision[7] and to an April 27, 2006 email to Jess King advising that Leeward had agreed to the transfer.[8]

According to Galaxy, Jess King of Cablevision "refused to sign the consent"[9] and instead proposed other agreements to Leeward with terms that were materially different from the terms in the Bahia Oaks Contract.[10] Therefore, under Galaxy's view of the relevant events, the reason Leeward never executed the April 26 Consent - or any other written consent - is because Cablevision had refused to agree to the terms of the Bahia Oaks Contract, without material alterations.[11]

Cablevision counters that it was not required to sign any consent and that if it had signed the April 26 Consent it would have acknowledged that it was obligated to bring the Bahia Oaks system up to state of the art - an obligation that Cablevision contends it was not required to assume under the APA.

Moreover, Cablevision points out that although there is testimony by Leeward suggesting that he was ready to sign a consent, there is further testimony in the case by Leeward that equivocates as to whether Leeward would have signed a consent.[12]

---

[7] *See, Id.*, Ex. 5 pp. 230-231 and p. 232 lines 3-9.

[8] *Id.*, Ex. 8.

[9] *Id.,* Ex. 7, p. 94, lines 15-24, p. 19, lines 5-11; p. 81, lines 23-35; p. 82, lines 1-3; p. 104, lines 15-25; pp. 105-106, lines 19-23; p. 146, lines 24-25 to p. 148, line 3; p. 148, lines 4-25; p. 154, lines 24-25 to p. 155, lines 1 to 5; p. 183, lines 3-13; p. 191, lines 5-10; p. 202, lines 3-23; and p. 204, lines 24-25.

[10] *Id.* Exs. 9 & 10; Ex. 7, p. 153, lines 19-25 to p. 154, lines 1-2

[11] *Id.*, Ex. 5, p. 232, lines 3-9.

[12] *Id.*, Ex. 3, p. 221-222.

Lastly, Cablevision now points to testimony from Jess King,[13] that suggests King never refused to sign the April 26 Consent because he says he never saw the document.[14] To bolster Cablevision's view that there is a dispute as to whether the April 26 Consent was delivered, Cablevision suggests that when Leeward was challenged as to the details of the delivery of the document Leeward could not remember when or how he delivered the April 26 Consent to King,[15] which raises an issue as to whether the document was ever received by King.

Notwithstanding the parties differing interpretations of the events surrounding the efforts to obtain a consent from Leeward, the parties agree that there was never a finalized written consent by Leeward to transfer the Bahia Oaks Contract to Cablevision.

## II.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party."[16]  As the

---

[13] *See,* Cablevision's Amended Motion For Leave To Amend Cablevision's Motion For Summary Judgment. (Doc. 128.)

[14] Q: Isn't that the only reason why you haven't signed the consent?
    A:.... I have not seen that consent form and so I do not and did not agree or disagree to sign that consent, because I haven't seen it before.
See, Doc. 128, Ex. 5, King Depo, pp. 153-154.

[15] Doc. 128, Ex. 1, pp. 107-108; Ex. 2, pp. 208-209.

[16] See Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

Supreme Court held in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.   If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[17]   The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

### III.  DISCUSSION

In Galaxy's motion for partial summary judgment, Galaxy requests the Court to enter partial summary judgment in its favor with regard to Cablevision's First, Ninth and Tenth defenses in which Cablevision asserts that it is not obligated to assume and operate the Bahia Oaks Contract because there was no "written consent" by Leeward to the transfer.

Galaxy argues that Cablevision's lack of "written consent" defenses fail as a matter of law because Cablevision unreasonably withheld its cooperation with regard to the form and content of the consent and therefore cannot rely upon the lack of a written consent to avoid its obligation to assume the Bahia Oaks Contract.  Specifically, Galaxy contends that Cablevision unreasonably refused to sign the proposed consent form allegedly submitted to Cablevision by Leeward.

In response, Cablevision asserts that the delivery of a written consent from Leeward was a condition precedent to its obligation to assume the Bahia Oaks Contract

---

[17] <u>Rollins v. Techsouth</u>, 833 F.2d 1525, 1528 (11th Cir. 1987).

- and because Leeward never delivered a signed consent it is not obligated to assume and operate the Bahia Oaks Contract. Further, while Cablevision implicitly acknowledges that there were consent forms prepared by Leeward, Cablevision suggests that it had no legal obligation to sign anything and therefore its alleged refusal to sign an agreement prepared by Leeward is not relevant (or if relevant not unreasonable.) Lastly, Cablevision now contends that the agreement prepared by Leeward's counsel (the April 26 Consent) was not delivered to Jess King and therefore there is no evidence that King refused to sign the April 26 Consent.

In resolving a motion for summary judgment the Court is required to construe the evidence in favor of the non-moving party[18] - Cablevision. And where, as here, there are material issues of fact in dispute it is not the province of the Court to weigh the evidence but rather the function of the trier of fact, in this case the jury.

The genuine issues of material fact that remain in dispute in this case with regard to the issue of "written consent" include, at least, the following issues. First, there is a conflict in the evidence as to whether Leeward was ready, willing and able to deliver a written consent to the assignment of the Bahia Oaks Contract. Secondly, there is divergent evidence with regard to the issue of whether Leeward indeed delivered the April 26 Consent to King and, if so, whether King refused to sign the April 26 Consent. Thirdly, even assuming the April 26 Consent was delivered by Leeward to King for execution on behalf of Cablevision, the crux of the dispute between the parties - which remains sharply in dispute - is whether Cablevision's refusal to sign the April 26

---

[18] <u>Samples</u>, 846 F.2d 1328, 1330.

8

Consent, or any other consent form, was consistent with its obligation under the APA to take "commercially reasonable efforts .. to cooperate .. and to execute .. necessary instruments .. to consummate the contemplated transactions." Moreover, it remains sharply disputed by the parties as to whether Cablevision's refusal to sign the April 26 Consent was the exercise of its "reasonable discretion" to insist that the consents "have been obtained in a form satisfactory to Buyer in Buyer's reasonable discretion," and without material changes in the contracts, as required by the APA.

In the event a jury determines that Cablevision received the April 26 Consent and that its conduct in refusing to sign the April 26 Consent - as well as any other consent - was reasonable because of the form of the consent, Cablevision would not then be prevented from insisting that Galaxy failed to fulfill a condition precedent to the transfer of the Bahia Oaks Contract.

On the other hand, if the jury determines that Cablevision indeed received the April 26 Consent - and the jury further finds that the reason Cablevision did not execute the April 26 Consent was an unreasonable exercise of its discretion - Cablevision's failure to fulfill its obligations under the APA would excuse Galaxy's failure to satisfy its obligation under the APA to deliver the required consents.

For these reasons, the Court determines that there are sufficient material issues of fact in dispute that require resolution by a jury and that cannot be resolved on summary judgment. Accordingly, upon due consideration, Plaintiff's Motion for Partial

Summary Judgment on Cablevision's Defenses Based on "Lack of Written Consent"

(Doc. 93) is due to be **DENIED**.

      **IT IS SO ORDERED.**

      **DONE AND ORDERED** in Ocala, Florida, on October 12, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel