UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DIRK LEEWARD,

    Plaintiff,

GALAXY CABLE, INC.,

    Defendant/Plaintiff,

v.                  Case No. 5:05-cv-303-Oc-10GRJ

CABLEVISION OF MARION COUNTY, LLC,

    Defendant.

_____/

**ORDER**

  Pending before the Court are Galaxy's Motion for Partial Summary Judgment on Statute of Limitations (Doc. 95) and Galaxy's Memorandum in Support of its Motion for Partial Summary Judgment on Statute of Limitations. (Doc. 96.) Plaintiff Dirk Leeward has filed a response in opposition (Doc. 112) and the motion is therefore ripe for review. For the reasons discussed below, Galaxy's Motion for Partial Summary Judgment on Statute of Limitations (Doc. 95) is due to be **GRANTED**.

**I. BACKGROUND AND FACTS**

  This action arises out of a contract between Dirk Leeward and Galaxy Cable, Inc. ("Galaxy"), for the provision of cable services at Leeward's property known as Bahia Oaks (the "Bahia Oaks Contract").[1] The Bahia Oaks Contract provides that Galaxy, the cable operator, was to pay 40% of the gross revenues collected from the Bahia Oaks subscribers, which included revenue from programming, service, hook ups, rentals, and

---

[1] Doc. 96, Exs. A, B and C.

other services, except revenues derived from "HBO, The Movie Channel, Showtime and Cinemax." According to Leeward, sometime around August 1998 Galaxy began charging its customers a $2.50 "right of entry fee." The fees were not excluded from the gross revenues used to calculate the 40% payment due to Leeward under the Bahia Oaks Contract. Leeward contends that he was never "overtly informed" by Galaxy of this fee and Galaxy did not remit to him his 40% share of this fee.

Leeward filed a complaint against Galaxy on July 21, 2005 alleging breach of the Bahia Oaks Contract and seeking damages and other monetary relief as a result of Galaxy's failure to pay Leeward the fees allegedly owed under the contract.[2] A portion of the damages sought by Leeward in this case were fees incurred prior to July 21, 2000, more than five years prior to the date of Leeward's original complaint.[3] According to the calculation of damages by Leeward's expert, Lillian Conrad, C.P.A., the economic losses allegedly suffered by Leeward include: (1) the recovery of amounts not remitted in October 1996 for residents of Bahia Oaks, (2) the recovery of amounts not remitted beginning in 1999 for residents of Westwind Trails, and (3) the recovery of surcharge revenue not remitted beginning in August 1998.[4]

## II.  **SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[2] Doc. 96, Ex. D.

[3] Doc. 96, Ex. E and Ex. F, pp. 4 and 7.

[4] *Id.,* Exs. E & F.

law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party."[5] As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[6] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

### III. DISCUSSION

Galaxy argues that any claims for damages that arose more than five years prior to the date of Leeward's original complaint are time-barred by Florida Statute § 95.11(2)(b)(2005), which provides that: "[a] legal or equitable action on a contract..." shall be commenced within five years. Where, as here, there is an ongoing obligation to make payments under the terms of a contract, the cause of action accrues on the date each payment becomes due.[7]

Leeward does not dispute these principles and concedes that under Florida law actions for breach of contract must be filed within five years and that the statute of

---

[5] See Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

[6] Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).

[7] Hannett v. Bryan, 640 So. 2d 203, 204 (Fla. Dist. Ct. App. 1994); *see also,* Isaacs v. Deutsch, 80 So. 2d 657 (Fla. 1955); Bishop v. State of Florida Division of Retirement, 413 So. 2d 776, 778 (Fla. Dist. Ct. App. 1982).

limitations begins to run on the date each payment becomes due. Instead, Leeward advances the argument that Galaxy should be equitably estopped from asserting the statute of limitations.[8]

In support of this argument Leeward contends that Galaxy provided monthly accountings, which did not represent the true amount of gross revenue applicable to the calculation of the percentage of payments Leeward was supposed to receive under the Bahia Oaks Contract. Leeward states, in an affidavit filed in opposition to the motion for summary judgment, that he relied upon this information in accounting for his monthly payment.[9] Leeward further represents that from the inception of the Bahia Oaks Contract until July 2004, the only records he received from Galaxy were the monthly accounting reports.[10] According to Leeward, the first time he received any information that Galaxy was charging a $2.50 "right of entry fee" was in July 2004, when he was provided with documents in response to an inquiry unrelated to the gross revenues.

---

[8] The Court notes that Leeward never raised the claim of equitable estoppel in any of his pleadings in this case. While the Florida Rules of Civil Procedure require a party to file a reply to an affirmative defense, if the party seeks to avoid the defense based upon equitable estoppel, *see* Fla. R. Civ. P. 1.100(a)and City of Brooksville v. Hernando County, 424 So. 2d 846, 848 (Fla. Dist. Ct. App. 1983), the Federal Rules of Civil Procedure do not require a party to file a reply to an answer but only that "the court may order a reply to an answer ...". *See*, Rule 7(b) Fed. R. Civ. P. Leeward's reply in this case does not mention equitable estoppel. However, Galaxy's answer does not specifically reference the statute of limitations as an affirmative defense but instead obliquely pleads that "Leeward's claims against Galaxy are barred in whole or part by the equitable doctrine of waiver and/or equitable limitations." The Court does not need to determine whether this is sufficient to raise the affirmative defense of statute of limitations because Leeward has not argued that the defense was waived because Galaxy failed to plead it in their answer. Similarly, the Court does not need to address whether Leeward has properly preserved the avoidance of equitable estoppel because Galaxy has not advanced the argument that Leeward waived it by failing to raise equitable estoppel in his reply. Both arguments can, of course, be waived by failing to raise the challenge. Accordingly, the Court has proceeded to address Galaxy's affirmative defense of statute of limitations and Leeward's avoidance of equitable estoppel on the basis that each party has waived the right to challenge whether the arguments were properly raised and preserved in the pleadings.

[9] Doc. 112, Leeward Aff.

[10] *Id.* ¶5.

Leeward avers that he did not realize the significance of these charges at that time and only realized that Galaxy had been charging a $2.50 right of entry fee when he received copies of bills from Bahia Oaks customers in August 2005.[11] Leeward suggests that because Galaxy sent monthly statements to him that were not accurate he was prevented from discovering the fact that the payments he was receiving were insufficient. This conduct, according to Leeward, gives rise to the doctrine of equitable estoppel, which should preclude Galaxy from relying upon the statute of limitations.

Leeward's argument confuses the concepts of tolling and accrual with the concept of equitable estoppel. Tolling or accrual of the statute of limitations applies in a situation where the cause of action is delayed for reasons such as delayed discovery of the claim.[12] Thus, where a litigant alleges that he was delayed from discovering the existence of a claim, this argument is used as a "sword" by the victim of the wrong to delay or toll the running of the statue of limitations. The delayed discovery doctrine is, however, applied generally to the determination of when a cause of action based upon tort accrues rather than to the accrual of a cause of action, as here, based upon a breach of contract.[13]

Apparently recognizing that the principles of delayed discovery and tolling would be legally insufficient in this case, Leeward instead argues that Galaxy should be equitably estopped from asserting the statute of limitations, another matter altogether.

---

[11] *Id.,* ¶¶ 7 & 8.

[12] *See,* Major League Baseball v. Morsani, 790 So. 2d 1071, 1076-77 n. 9 (Fla. 2001)("The accrual of a cause of action may be delayed for various reasons including the plaintiff's delayed discovery [of the claim].")

[13] *See,* Ryan IV v. Nall, 841 So. 2d 510, 517-518 (Fla. Dist Ct. App. 2003).

Equitable estoppel "[i]s not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to ... an untimely action because his conduct has induced another into forbearing suit within the applicable limitations period."[14] The doctrine of equitable estoppel "presupposes that the plaintiff knows of the facts underlying the cause of action, but delayed filing suit because of the defendant's conduct."[15] The doctrine of equitable estoppel, therefore, arises where "the parties recognize the basis for suit, but the wrongdoer prevails upon the other to forego enforcing his right until the statutory time has lapsed."[16]  That is not what Leeward alleges occurred in this case.

Leeward has not presented any evidence that Galaxy induced him to forego filing suit within the limitations period or that Galaxy engaged in conduct that caused Leeward to forebear from pursuing his claims for past due monies under the contract. To the contrary, Leeward represents that he simply did not know that he even had a claim against Galaxy for the monies he contends he was due under the contract. Indeed, Leeward asserts that it was not until August, 2005 that he first noticed the alleged discrepancies.[17] This is a far cry from evidence suggesting that Galaxy engaged in

---

[14] *Id.* at 1079.

[15] Ryan v. Lobo De Gonzalez, 841 So.2d 510 (Fla. 4th DCA 2003).

[16] Cook v. Deltona Corp., 753 F.2d 1552, 1563 (11th Cir. 1985).

[17] Doc. 112, Leeward Aff., ¶ 8.

conduct that was designed to induce Leeward to forebear from filing his lawsuit until after the limitations period had run.

In the total absence of evidence that Galaxy engaged in that type of misconduct, the doctrine of equitable estoppel does not apply to prevent Galaxy from raising the defense of statute of limitations. Even assuming, as Leeward contends, that Galaxy short-changed him on his monthly payments there is nothing else proffered by Leeward that Galaxy did that caused Leeward to forebear from asserting his known claims. Equitable estoppel is, therefore, inapplicable to prevent Galaxy from asserting the statute of limitations as a defense to Leeward's claims for monies due and owing prior to July 21, 2000, which is five years prior to the date Leeward filed his original complaint.

## IV.  CONCLUSION

Accordingly, for the reasons discussed above, Galaxy's Motion for Partial Summary Judgment on Statute of Limitations (Doc. 95) is due to be **GRANTED** with regard to Leeward's claims for damages prior to July 21, 2000.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 13, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
  All Counsel